# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 10-00275 MMM (AGRx) | Date | January 25, 2010 |

| | |
|---|---|
| Title | *Joseph W. Wright v. Broadway Federal Bank F.S.B.* |

| Present: The Honorable | MARGARET M. MORROW | |
|---|---|---|
| ANEL HUERTA | | N/A |
| Deputy Clerk | | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** Order to Show Cause Why Action Should Not Be Dismissed For Lack Of Subject Matter Jurisdiction

On January 14, 2010, *pro se* plaintiff Joseph W. Wright filed this action against Broadway Federal Bank F.S.B. ("Broadway"). Plaintiff's complaint reads, in its entirety:

> "Broadway Federal Bank F.S.B., N.A. used acts of, but not limited to, fraudulent inducement, fraudulent misrepresentation, misrepresentation, and fraudulent intent in its advertising and claims to have loaned: it's money to affiant/borrowers.
>
> That Broadway Federal Bank F.S.B., N.A. did not fulfill its original promise agreement to lend affiant/borrow[ers] its own money; Broadway Federal Bank F.S.B., N.A. did not sacrifice/contribute anything of intrinsic value or incur any risk/loss in the formation or outcome of the transaction; and Broadway Federal Bank F.S.B., N.A. therefore did not sacrifice nor contribute any valuable, lawful, consideration; and thereby could not and did not suffer any loss, damage, or injury."[1]

As the party invoking federal jurisdiction in this case, Wright has the burden of establishing the actual existence of subject matter jurisdiction. See *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *In re Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001); *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). This burden, at the pleading stage, must be met by alleging sufficient facts

---

[1]Complaint, Docket No. 1 (Jan. 14, 2010).

to show a proper basis for jurisdiction. FED.R.CIV.PROC. 8(a)(1) (a complaint "shall contain a short and plain statement of the grounds upon which the court's jurisdiction depends"); see also CA CD L.R. 8-1 ("The statutory or other basis for the exercise of jurisdiction by this Court shall be plainly stated in the first paragraph of any document invoking this Court's jurisdiction"); *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936) ("The prerequisites to the exercise of jurisdiction are specifically defined and the plain import of the statute is that the District Court is vested with authority to inquire at any time whether these conditions have been met. They are conditions which must be met by the party who seeks the exercise of jurisdiction in his favor. He must allege in his pleading the facts essential to show jurisdiction").

The complaint must show "affirmatively and distinctly the existence of whatever is essential to federal jurisdiction, and if [it] does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Tosco Corp. v. Communities For A Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001). Since subject matter jurisdiction must be affirmatively alleged, courts will not infer allegations supporting the exercise of jurisdiction. See *Watson v. Chessman*, 362 F.Supp.2d 1190, 1194 (S.D. Cal. 2005); see also *Tosco Corp.*, 236 F.3d at 499; *Century Southwest Cable Television, Inc. v. CIIF Assocs.*, 33 F.3d 1068, 1071 (9th Cir. 1994).

District courts have original jurisdiction of civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. See 28 U.S.C. § 1332(a); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). In any case where subject matter jurisdiction is premised on diversity, there must be complete diversity, i.e., all plaintiffs must have citizenship different than all defendants. See generally *Strawbridge v. Curtiss*, 7 U.S. 267 (1806); see also *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67 (1996) ("In *Strawbridge v. Curtiss* [ ], this Court construed the original Judiciary Act's diversity provision to require complete diversity of citizenship. [ ] We have adhered to that statutory interpretation ever since" (citations omitted)). Wright's allegations do not establish that the court has subject matter jurisdiction to hear this case if he premises jurisdiction on diversity of citizenship. The complaint does not allege the citizenship of either Wright or Broadway, nor does it allege any facts from which the court can ascertain the amount in controversy.

Absent diversity of citizenship, a federal question is required before a case can be heard in federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); see also 28 U.S.C. § 1441(b); 28 U.S.C. § 1331 (district courts "have original jurisdiction of all civil actions *arising under* the Constitution, laws, or treaties of the United States" (emphasis added)). Federal question jurisdiction is presumed to be absent unless plaintiff has alleged a federal cause of action, *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916) ("a suit arises under the law that creates the action"), a state cause of action that turns on a substantial and dispositive issue of federal law, *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983); *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field, *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 560 (1968); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).

Whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint." *Franchise Tax Bd.*, 463 U.S. at 9-10.  It is not sufficient for a complaint to identify the statutory or constitutional provision under which the claim arises; it must also allege sufficient facts to show that the case arises under federal law. *Martinez v. U.S.O.C*, 802 F.2d 1275, 1280 (10th Cir. 1986); see also *Kirkland Masonry, Inc. v. Commissioner*, 614 F.2d 532, 533 (5th Cir. 1980).

For federal question jurisdiction to attach,"a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936).  Only where the "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties" does a state law cause of action "arise under" the laws of the United States. *Franchise Tax Bd.*, 463 U.S. at 13 (1983).  A claim does not present a "substantial question" of federal law merely because a federal question is an "ingredient" of the cause of action.  Indeed, "the mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow*, 478 U.S. at 813.

Wright's complaint does not allege that it arises under any federal statute or other federal law.  Because the well-pleaded complaint does not allege any federal claims, Wright has not established that the court has federal question jurisdiction.

Because the complaint does not allege facts sufficient to show that the court has subject matter jurisdiction, Wright has not met his burden of establishing the actual existence of subject matter jurisdiction.  Accordingly, the court orders Wright to show cause on or before **February 16, 2010** why this action should not be dismissed for lack of subject matter jurisdiction.  Failure to respond by **February 16, 2010** will result in dismissal without prejudice.